*Charles P. Robinson*, for appellant.
*Samuel Currey*, for appellee.

JAMES PATTON *vs.* HUGHESDALE MANUFACTURING CO.

The entertainment of the jury by a party to the suit before it, condemned.
A party consenting to a proceeding, which he might prevent by resisting it on account of irregularity, thereby waives all exceptions to such irregularity.
A verdict will not be set aside unless there is a strong preponderance of evidence against it.

DEFENDANT'S petition for new trial.

*July* 24, 1875.    MATTESON, J.    The first ground upon which the defendant moves for a new trial is, "because after the empanelling of the jury in said cause, and whilst the jury were on the premises of the plaintiff for the purpose of viewing said premises under the direction of the sheriff, the plaintiff and his two sons — one of whom, James W. Patton, was a witness for the plaintiff in the cause, and took an active part in behalf of the plaintiff throughout the trial, and the other, Andrew B. Patton, was associate counsel for the plaintiff in said trial — invited and took the jury in a body into a building upon the plaintiff's premises, then occupied by the plaintiff or the said James W. Patton as a store, and there entertained them with coffee and certain eat-

ables for the space of half an hour or more, having conversation with them the whole of said time apart from the defendant and his counsel."

The entertainment of the jury by the plaintiff and his sons ought not to have been permitted by the officer in charge of them ; it was highly improper, since its natural tendency was to predispose and bias the jury in favor of the plaintiff. It does not appear, however, that the plaintiff or his sons had any such intention, or that they took advantage of the opportunity to influence any of the jury against the defendant or in favor of the plaintiff. The invitation was given in the presence of Thomas H. Hughes and William H. Hughes, members of the defendant corporation, and Samuel Currey, its counsel ; and though Thomas H. Hughes protested at the time to the counsel against the proceeding, the matter was not brought to the attention of the court till after the jury had returned their verdict for the plaintiff. In *Tingley et al.* v. *City of Providence*, 9 R. I. 388, this court recognized as a fixed rule of equity as well as law, " that where an irregularity has been committed, a party who consents to a proceeding which he might have prevented by resisting it on that account, waives thereby all exceptions to such irregularity." This rule applies to the present subject. The defendant having proceeded without objection to what had occurred, and thereby subjected the plaintiff to the expense of a trial occupying several days, which might have been avoided if the objection had been seasonably made, ought not to be permitted, after the jury have rendered a verdict adverse to it, to urge that objection as a reason for setting aside that verdict.

The second ground of the defendant's motion is, " because afterwards during the trial of said cause the said James W. Patton, one of the said sons of the plaintiff, was seen and heard in earnest private conversation with Nicholas D. Tanner, one of the said jurors, while they walked side by side together from the court-house steps to North Main Street and down North Main to Steeple Street, and on their parting was heard to say to the said juror, ' Yes, there has been awful hard swearing up there to-day,' or words to that effect. That this was on a day when only witnesses for the defendant had been examined, and was immediately after the adjournment of the court on the afternoon of that day."

The third-ground of the motion is, "because immediately after the rendition of said verdict, one of the jury who had tried said cause, of the name of Jacobs, was seen to walk with a quick step up near to the said Andrew B. Patton, and heard to say to him, in a congratulatory manner, 'I told you that we (meaning the jury) would not go back on a Johnston boy.'"

Of these two grounds it is only necessary to say that we do not think the allegations set forth in them sustained by the proofs.

The only other ground of the defendant's motion pressed at the hearing is, that the verdict was against the evidence and the weight of the evidence. A large number of witnesses were examined upon both sides. Their testimony was conflicting. We cannot say that there was a preponderance of evidence against the verdict, and unless there was a strong preponderance of evidence against it, we should not be justified in setting it aside.

<em>The petition for a new trial is refused.</em>